Barnard, P. J.
—The defendant agreed to purchase of the plaintiff a cargo of fish waste for manure. The delivery of the waste was to be made to the defendant at Staten Island and the price was to be seven dollars a ton. The cargo was delivered in May, 1884. The shipper asked payment for 117 tons. The defendant would not accept the weight and proposed to re-weigh it. This would have been done at once but the scales where it was proposed to test the weight would not weigh the loads, and the waste was put under cover on defendant’s premises. The defendant then paid to the plaintiff $700, being on the basis of 100 tons. The waste within the following two months was carefully weighed as used, and according to this weight there was a deficiency, *870 the weight turning out to he only 88.525 tons. This weight was not accepted by the plaintiff, and this action is brought to recover for 117, and the answer as amended seeks to defeat the claim and to recover the over-payment. The defendant was only liable for the weight delivered to him at Staten Island. There was no credit legally given and the title to the property only passed upon delivery at Staten Island. Assuming that the title did not vest until full payment, it it manifest that the only question between the parties was one of fact, as to the real weight when delivered at Staten Island.
The plaintiff gave evidence tending to show that he claimed the waste to be weighed when put on the vessels on the 7th or 8th May, 1884, and that the unloading of the vessel was complete on the 20th May, 1884. The defendant gave evidence tending to show that the waste was carefully protected and that there was no waste from exposure and that the weight was only 88 and a half tons.
The evidence thus presents a case where an appellate court will not reverse the finding of the referee.
Not only is the inference for the weight taken when the vessel was loaded, met by an equally strong inference based upon the subsequent weighing at Staten Island, but their is some proof that the weight may have been reduced by natural cause from the water running from the waste on the vessel.
The judgment must therefore be affirmed, with costs.
Dykman and Pbatt, JJ., concur.